IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO ALBERTO GARCIA, | § | |
| TDCJ-CID NO.1266741, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-448 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director of the Texas Department of Criminal | § | |
| Justice- Correctional Institutions Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Mario Alberto Garcia, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2004 felony convictions for aggravated robbery in cause numbers 987904 and 987473 from the 230th State District Court of Harris County, Texas. (Docket Entry No.1). Respondent has filed a motion for summary judgment on the ground that petitioner has not asserted a constitutional error entitling him to federal habeas relief. (Docket Entry No.10). Petitioner has not filed a response to the motion. After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and deny petitioner relief.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner entered a plea of guilty with an agreed recommendation to the offense of aggravated robbery in both counts. After accepting his plea and finding him guilty, the 230th State District Court of Harris County, Texas assessed punishment at thirty-eight years confinement in TDCJ-CID on each count. (Docket Entry No.1). Petitioner did not appeal his convictions. Petitioner

sought state habeas relief on the same grounds as in the pending petition. The Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order on the findings of the trial court without a hearing. *Ex parte Garcia*, Application No.63,176-01 at cover; *Ex parte Garcia*, Application No.63,176-02 at cover.

In the pending petition, petitioner seeks federal habeas relief on grounds that his trial counsel rendered constitutionally ineffective assistance of counsel, as follows:

1. Trial counsel failed to investigate the law regarding an aggravated offense and simple robbery, in light of the fact that the weapon used to commit the robberies was inoperative, not loaded, and not used in such a way as to threaten complainants;

2. Trial counsel erroneously advised petitioner to enter a plea of guilty to the aggravated offenses without fully understanding that he committed only simple robbery;

3. Trial counsel failed to consult a firearms expert;

4. Trial counsel did not attempt to suppress petitioner's out-of-court statement on grounds that petitioner did not understand the difference between the offenses of aggravated robbery and robbery.

(Docket Entries No.1, No.3).

## STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir.

1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in two state habeas corpus applications.  The Texas Court of Criminal Appeals denied the state habeas applications without written order on the trial court's findings without a hearing.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Therefore, only those claims properly raised by petitioner in his state applications for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

> Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers.").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and

4

convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

## ANALYSIS

Petitioner claims his trial counsel rendered ineffective assistance of counsel by failing to investigate the law and facts and by giving erroneous advice to enter a guilty plea. (Docket Entries No.1, No.3).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To satisfy the second or "prejudice" prong of the *Strickland* test in the context of a guilty plea

a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986). Therefore, in the context of a guilty plea, a petitioner alleging ineffective assistance of counsel may attack counsel's performance only as it relates to the voluntariness of his guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill*, 474 U.S. at 59-61; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir.1988). A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697.

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner claims that he entered an involuntary plea to two counts of aggravated robbery on the erroneous advice of his trial counsel. Petitioner claims his trial counsel lacked a complete understanding of the elements of aggravated robbery and robbery and had not thoroughly investigated evidence, which showed that he committed two robberies and not two aggravated robberies. (Docket Entries No.1, No.3). Petitioner claims that the BB gun used in the robberies was

not a deadly weapon and for this reason, he should have been charged with robbery, instead of aggravated robbery. (Docket Entry No.3). Petitioner complains that his trial counsel did not advise him of the elements of robbery; instead, she advised him to plead guilty to the aggravated robbery charges "because if he went to trial the prosecutor would 'stack his charges' for a potential of 99 years in prison." Petitioner claims because his trial counsel did not advise him of the elements of robbery, he never received "'real notice' of his true nature of the correct charges against him." (*Id.*).

Although inadequate representation by an attorney may render a guilty plea involuntary and thus a nullity, *see Colson v. Smith*, 438 F.2d 1075 (5th Cir. 1971), the state habeas court's findings and the habeas records do not indicate that such ineffective representation was afforded to petitioner in this case. In her affidavit filed with the state habeas court, petitioner's trial counsel attested to her representation as follows, in pertinent part:

> I fully discussed the facts of the charged cases with Mr. Garcia, and I fully explained the elements necessary to prove his guilt in these cases. Mr. Garcia was initially charged with three aggravated robberies; during the police investigation, he had confessed to committing ten aggravated robberies. The State filed three cases against him with the intent to introduce evidence of the other cases as punishment evidence if the cases went to trial.
>
> I investigated the facts of these cases and verified the allegations with Mr. Garcia. I reviewed Mr. Garcia's videotaped confession and determined that it would be admissible in court. We thoroughly discussed the issue of whether Mr. Garcia used a BB gun, rather than a firearm, in committing the offense. Mr. Garcia claimed that he used a BB gun, but the State's witnesses all maintained that he had used a firearm. I also addressed this issue with the prosecutor. Despite the fact that a BB gun was recovered in one of the extraneous aggravated robberies, she was not persuaded by this or Mr. Garcia's claims that he only used a BB gun in the other aggravated robberies. I thoroughly researched the law on this issue and determined that even though Mr. Garcia admitted to using only a BB gun, credible witness testimony that he used a firearm would be sufficient to support a conviction as charged in the indictment. I also fully discussed this with Mr. Garcia.

> The State's offer in these cases, as I recall, was 50 years. The prosecutor was very confident in the State's evidence, and my investigation demonstrated that the State would be able to prove the elements necessary to obtain the convictions. The prosecutor said that if Mr. Garcia rejected the plea offers and proceeded to trial, she would seek a life sentence in each case and ask the Court to stack the sentences. The prosecutor further advised me that if the cases were set for trial, she would consider filing additional aggravated robbery charges against Mr. Garcia. I discussed all of this with Mr. Garcia, including the fact that the State would seek the maximum sentences and asked that they be stacked. However, in advising Mr. Garcia, I never told him that it was certain that he would be convicted if he went to trial, nor did I tell him that it was certain that he would receive any particular term of years. Rather, I discussed all of his options with him, gave him my legal opinion as to the likelihood of success, and advised him of possible outcomes.
>
> \* \* \* \* \*
>
> Ultimately, I was able to negotiate a plea bargain deal with the State wherein Mr. Garcia could plead guilty to two of the aggravated robberies and the State would dismiss the third, with Mr. Garcia being sentenced to 38 years in each of the two cases and the sentences running concurrently. As part of the plea bargain, the prosecutor further agreed not to file any additional aggravated robberies against Mr. Garcia. I conveyed this offer to Mr. Garcia and thoroughly advised him of the consequences of his decision to plead guilty. I also discussed the trial court's written admonishments with him. With his family in agreement, Mr. Garcia made the decision to waive his right to jury trial and accept the State's plea bargain in these two cases; he had a full understanding of the State's evidence against him, his right to trial in these cases, and the consequences of his decision to plead guilty.

*Ex parte Garcia*, Application No.63,176-01 at 50-52; *Ex parte Garcia*, Application No. 63,176-02 at 50-52.

Plea documents also show a voluntary and knowing plea. In his Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, petitioner confessed to the charges and indicated his intent to enter a guilty plea with an agreed recommendation of 38 years in TDCJ. *Id.* at 60-61. In the written plea Admonishments petitioner noted that he was charged with aggravated robbery and the range of punishment for such conviction was 5 to 99 years confinement. *Id.* at 62, 64. In his Statement and Waivers of Defendant, petitioner indicated that he was mentally competent

8

and understood the nature of the charges against him and the admonishments. *Id.* at 65. He agreed that he was proficient in the English language, that his attorney had fully discussed with him the plea papers and the consequences of entering a guilty plea. *Id.* He further stated that he understood the admonishments in the plea papers and was aware of the consequences of his plea, which he made freely and voluntarily. *Id.* Petitioner swore to the veracity of these admonishments and signed the document. His trial counsel, the assistant district attorney, and the state district judge also signed the document. *Id.* at 66.

Based on trial counsel's affidavit and state district court records, the state habeas court found that petitioner's trial counsel thoroughly advised him regarding the elements necessary to prove his guilt and that she had throughly investigated the facts of the case and discussed them with petitioner. *Id.* at page 55. The state habeas court found that "although the applicant maintained that he did not use a firearm during the commission of the offense in the primary case, trial counsel advised the applicant regarding the expected credible witness testimony that the applicant did use a firearm, which would have been sufficient to support a conviction as charged in the indictment." *Id.* The state habeas court also found that trial counsel advised petitioner of the State's plea offer and his right to trial, but trial counsel did not tell petitioner that he would be convicted if he went to trial or that he would be sentenced to a particular term of years. The state habeas court further found that trial counsel "thoroughly discussed the trial court's written admonishments with the applicant and advised the application of the consequences of his decision to plead guilty." *Id.* at 56. The state habeas court concluded that petitioner's "guilty plea was free, knowingly and voluntarily made" and that the "totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case." *Id.*

A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats, misrepresentation, or improper promises having no relationship to the prosecutor's business, such as bribes. *Brady v. United States*, 397 U.S. 742, 755 (1970). In this case, the state habeas court's findings that petitioner's plea was voluntary and knowing and that petitioner's trial counsel afforded constitutionally adequate representation are not an unreasonable applications of federal law. Petitioner did not respond to the motion for summary judgment and therefore, fails to rebut the findings of the state habeas court.

Because petitioner's pleas were knowing and voluntary, the Court finds that petitioner has waived his other ineffective assistance of counsel claims of failure to investigate, failure to consult with a firearm's expert, and failure to suppress the confession. *See Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987) (explaining that, once a guilty plea is entered, any Sixth Amendment challenge is limited to the issues of voluntariness and the defendant's understanding of the nature of the charges brought against him and the consequences of his plea); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (holding that a voluntary guilty plea waives all non-jurisdictional defects, including claims for ineffective assistance of counsel, except where the alleged ineffectiveness bears upon the voluntariness of the guilty plea). Accordingly, respondent is entitled to summary judgment as a matter of law.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.10) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. This habeas action is DISMISSED, with prejudice.

4.      A certificate of appealability is DENIED.

5.      All other pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this 14th day of June, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE